Lowrie, Judge,
 

 delivered the opinion of the Court:
 

 The construction of a deed must be made from the face of it, and no averment or parol evidence can be received to contradict it. When it is proved in a Court of Justice, it is conclusive on the rights of the parties. Although parol evidence may be admitted to explain latent ambiguities in a deed, and in some special cases has been received to explain ambiguities which were potent, yet such evidence is admissible only in cases of evident necessity. The Court will never receive parol evidence to explain away or contradict an explicit agreement in writing. The deed in question does not require the aid of parol evidence to understand it. The words are,
 
 “
 
 on account of their being security for, &c.” The Plaintiffs contend, that these words may well be construed to extend to cases where they became securities for William Roberts, subsequent to the date of the deed, and that this construction is supported by the words “ detain to themselves the sum of five hundred pounds, Virginia money, together with all costs that shall hereafter arise.” The several sums for which the Plaintiffs became security were known
 
 ;
 
 as well the bonds on which William Roberts had not been sued, as those on which he had been sued, and in which suits they 'had become his common and special bail. The whole of those sums being known, a sum certain could be easily fixed on which would be sufficient for their indemnification, and the sum of five hundred pounds was agreed on as sufficient for that purpose: but not with respect to the costs that
 
 *231
 
 might afterwards accrue. Hence as to the costs, the words are in the future time, and no specific sum is men- • tioned or agreed on. The participle “ being” is used in expressing that they had become common and special bail in suits in the County and General Courts $ and it is not pretended that they are, or would be entitled to indemnification for becoming common or special bail for William Roberts, subsequent to the execution of the deed. When the deed speaks of the expences of “ recording, &c. and of selling the property,” the expressions used, prove clearly, that the parties were not deficient in language to convey their iileas
 
 ;
 
 that they were capable of using apt and proper words to embrace all the objects which they had in view. The Court is therefore of opinion that the deed cannot be construed to extend to security, ships entered into subsequent to its execution, and that the deposition of Francis Arnold cannot be received to aid its construction.